IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.                                                                          CRIMINAL 06-0285 (CCC)

EDWIN BATISTA OTERO,

Defendant

## OPINION AND ORDER

### I.  PROCEDURAL BACKGROUND

This matter is before the court on motion to dismiss filed by supervised releasee Edwin Batista Otero on February 25, 2011.  (Docket No. 194.)  The preliminary revocation hearing was held on March 4, 2011.  Both parties were heard at that time.  The parties having been fully heard, the motion to dismiss is granted.

Batista-Otero was charged in a complaint and arrested on September 5, 2006.  He was temporarily detained at that time, pending a detention hearing. (Docket No. 5.)  Batista-Otero was indicted on September 7, 2006 in a six-count indictment, charging him and two other co-defendants with, among other offenses, knowingly and intentionally aiding abetting each other in the possession with intent to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1).  (Docket No. 13.)  On September 8, 2006, he entered a

CRIMINAL 06-0285 (CCC)                2

not guilty plea and after hearing was ordered detained pending trial. (Docket No. 17.) The order of detention issued on September 13, 2006. (Docket No. 20.) On October 29, 2007, Batista-Otero moved for change of plea and sentence. (Docket No. 139.) He entered a guilty plea as to Count Five (convicted felon in possession of a firearm) of the indictment on November 7, 2007. (Docket No. 149.) On February 18, 2008, he was sentenced to an 18-month prison term and a mandatory minimum three-year term of supervised release. (Docket No. 173, 175.) Batista-Otero began serving his term of supervised release on February 21, 2008, the day he was released from custody. That term of supervised release therefore expired on February 20, 2011.

On May 7, 2010, a motion notifying a violation of his terms of supervised release, based on a pending state narcotics case, was filed by the U.S. Probation Officer. (Docket No. 183.) The court instructed the U.S. Probation Officer to notify the outcome of ongoing criminal charges in the state court upon completion of that case. On December 21, 2010, the U.S. Probation Officer informed the court that Batista-Otero had been found not guilty of the local criminal charges on November 16, 2010. (Docket No. 189.) The court was informed that the U.S. Probation Office would not pursue revocation proceedings. On February 15, 2011, the court directed that the motion notifying the violation (Docket No. 183) be referred to a United States magistrate judge for preliminary hearing on

CRIMINAL 06-0285 (CCC)                          3

revocation.  The court also ordered that a summons be issued.  (Docket No. 190.) The matter was randomly assigned to me by the Clerk on February 16, 2011. (Docket No. 191.)   I issued an order on February 18, 2011 scheduling the preliminary revocation hearing for March 4, 2011. (Docket No. 192.)  The summons was issued by the Clerk on February 22, 2011.  (Docket No. 193.)

## II.  DISCUSSION

Title 18 U.S.C. § 3583(i) reads as follows:

> Delayed revocation.--The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

See United States v. Hernández-Ferrer, 599 F.3d 63, 65-66 (1st Cir. 2010.)

Batista-Otero argued at the hearing that the court lacks jurisdiction to revoke the term of supervised release due to the violation of 18 U.S.C. § 3583(i). The government argues that it is unfair to allow the releasee to go unpunished because of a delay in the issuance of the summons at the Clerk's Office, particularly since the court's order was issued within the term of supervised release.  The difficulty with following that argument, reasonable as it may appear, is that it is unsupported by jurisprudence or statute so that the argument of the

CRIMINAL 06-0285 (CCC)                4

government must yield to the clear wording of the controlling statute. It has been well recognized, as reflected by a plain reading of the relevant statute, that " . . . section 3583(i) extends the district court's jurisdiction beyond the stated expiration of a term of supervised release. But that extension operates only in a particular set of circumstances: "for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued." United States v. Hernandez-Ferrer, 599 F.3d at 66.

> It is clear that when no summons or warrant are issued, or the issuance occurs after the expiration of the supervised release term, no tolling effect occurs and a court does not have jurisdiction to hold a hearing relating to a violation that occurred within the term. See United States v. Hazel, 106 F. Supp. 2d 14, 15 (D.D.C. 2000) (court lacked jurisdiction to hold HOV when hearing was continued after the expiration of the supervised release term because no warrants or summonses were issued); United States v. Rivard, 127 F. Supp. 2d 512, 514-16 (D. Vt. 2000) (no jurisdiction to hold an HOV after the period of supervised release where the summons was issued after the expiration of the supervised release term); United States v. Crusco, Crim. No. 90-945(JES), 2000 WL 776906, at *2 (S.D.N.Y. June 15, 2000) (no authority to hold an HOV after the expiration of the supervised release term when the issuance of a summons was authorized but no steps were taken to obtain or issue the summons within the release period).

United States v. Venable, 416 F. Supp. 2d 64, 74 (D.D.C. 2006).

While the court is not bound by the U.S. Probation Office's informative motion that it will not pursue revocation proceedings, and while such revocation

CRIMINAL 06-0285 (CCC)                5

proceedings rely on the supervised releasee's conduct[1] rather than on a conviction or even a determination of probable cause in the state proceedings, see, e.g., United States v. McNeil, 415 F.3d 273, 278 (2d Cir. 2005); United States v. Trotter, 270 F.3d 1150, 1155 (7th Cir. 2001); United States v. Venable, 416 F. Supp. 2d at 77, nevertheless the plain language of 18 U.S.C. § 3583 (i), without the need to analyze legislative intent, leads *a fortiori* to one conclusion, that is, that the court lacks jurisdiction to revoke the releasee due to the untimely issuance of the summons, two days after the term of supervised release expired. Therefore the motion to dismiss the proceedings is granted.

In San Juan, Puerto Rico, this 7th day of March, 2011.

                                   S/JUSTO ARENAS
                          Chief United States Magistrate Judge

---

[1]Application Note 1 to § 7B1.1 reads:

> Under 18 U.S.C. §§ 3563(a)(1) and 3583(d), a mandatory condition of probation and supervised release is that the defendant not commit another federal, state, or local crime. A violation of this condition may be charged whether or not the defendant has been the subject of a separate federal, state, or local prosecution for such conduct. The grade of violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's actual conduct.

U.S. Sentencing Guideline Manual § 7B1.1, Application Note 1 (2010).